IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARZELLA BOWMAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 12 CV 6265 |
| ) | Judge Joan H. Lefkow |
| STATE OF ILLINOIS DEPARTMENT OF ) | |
| HEALTHCARE AND FAMILY SERVICES, ) | |
| ) | |
|     Defendant. ) | |
| ) | |

## OPINION AND ORDER

Plaintiff Marzella Bowman filed a second amended complaint against defendant the State of Illinois Department of Healthcare and Family Services ("HFS") for age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.§§ 621 *et seq*. (Dkt. #27.) HFS now moves to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).[1] (Dkt. #30.) For the reasons set forth herein, the motion will be granted in part and denied in part.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a Rule

---

[1] HFS also moved to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), but "[t]he requirement of exhaustion of administrative remedies under the ADEA . . . is not jurisdictional." *Wierciszewski* v. *Granite City Ill. Hosp. Co.*, No. 11-120-GPM, 2011 WL 1615191, at *2 (S.D. Ill. Apr. 28, 2011). The same is true for the requirement that the plaintiff file suit within 90 days of receiving a right to sue notice. *Vitello* v. *Liturgy Training Pub'ns*, 932 F. Supp. 1093, 1096 (N.D. Ill. 1996) ("[T]he ADEA's 90-day filing requirement is not jurisdictional but instead acts as a statute of limitations."); *accord Panaras* v. *Liquid Carbonic Indus. Corp.*, No. 95 C 6521, 1996 WL 494267, at *2 (N.D. Ill. Aug. 27, 1996). The court will therefore evaluate HFS's motion under Rule 12(b)(6).

12(b)(6) motion, the court takes as true all facts in the complaint and draws all reasonable inferences in favor of the non-moving party. *Dixon* v. *Page,* 291 F.3d 485, 486–87 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of the claim's basis but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp.* v. *Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right of relief above the speculative level." *Twombly,* 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 742–43 (7th Cir. 2010). Rather, it is the facts that count.

## BACKGROUND[2]

Bowman has been employed by HFS since 1987.[3] At all relevant times she was over 40 years of age. In 2010, Bowman applied for an open position as a Child Support Specialist Trainee. On April 10, 2010, HFS awarded the position to an employee who was under 40 years of age with comparable qualifications to Bowman. On October 19, 2010, Bowman filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") (Charge No. 2011 CA 0723) ("October 2010 charge"), which was cross-filed with the United States Employment Opportunity Commission ("EEOC"), alleging that the State of Illinois Department of Child

---

[2] The facts in this section are taken from the well-pleaded allegations in Bowman's second amended complaint. They are presumed true for the purpose of resolving the present motion. *See Barnes* v. *Briley,* 420 F.3d 673, 677 (7th Cir. 2005). The court takes judicial notice of the filings defendant has attached to its motion to dismiss and reply, as these are matters of public record. *See Ennenga* v. *Starns,* 677 F.3d 766, 773 (7th Cir. 2012); *Anderson* v. *Ctrs. for New Horizons, Inc.*, 891 F. Supp. 2d 956, 959 (N.D. Ill. 2012).

[3] The nature of her previous positions is unclear, but in her April 6, 2012 charge Bowman states that her most recent position is Office Coordinator in the division of Child Support Enforcement. (2d Am. Compl. Ex. A.)

Support Services discriminated against her because of her age by failing to promote her to the position of Child Support Specialist Trainee. (2d Am. Compl. Ex. C.) Bowman voluntarily withdrew her charge on or about August 12, 2011, and an order of closure, dated August 25, 2011, closed IDHR's investigation and terminated the EEOC's processing of the charge. (Dkt. #41, Ex. 4.) Bowman subsequently received a dismissal and notice of right to sue from the EEOC regarding her charge of age discrimination but she declined to pursue her claim. (2d Am. Compl. ¶ 13.)[4]

Bowman continued to be employed by HFS and her annual employment report for the year 2011 stated that she met her employer's expectations. (*See* 2d Am. Compl. Ex. D.) Between October 19, 2010 and April 6, 2012, Bowman applied for several open positions as a Child Support Specialist Trainee. On each occasion, Bowman was not awarded the position and instead an individual with "less seniority" was promoted to the job. (*Id.* ¶ 13.)

On April 6, 2012, Bowman filed a charge of discrimination with the EEOC (Charge No. 440-2012-03083), which was cross-filed with the IDHR ("April 2012 charge"), alleging in relevant part as follows,

> During my employment, I complained about discrimination and filed a Charge with the Illinois Department of Human Rights (Charge No. 21B-2010-02940). Subsequently, I applied for several Child Support Specialist Trainee positions, but have not been hired. I believe that I have been discriminated against in retaliation for engaging in protected activity, in violation of the Age Discrimination in Employment Act of 1967, as amended.

(2d Am. Compl. Ex. A.) When asked the basis of the alleged discrimination, Bowman checked the "retaliation" box on the charge.

---

[4] Although Bowman alleges she received a notice of right to sue from the EEOC, it is not attached to either Bowman's or HFS's submissions. If she did not, in fact, receive a notice of right to sue from the EEOC, it could make a difference with respect to the timeliness of her complaint of age discrimination arising from this charge.

On May 16, 2012,[5] Bowman received a dismissal and notice of right to sue from the EEOC. (2d Am. Compl. Ex. B.) On August 9, 2012, she filed a *pro se* complaint in this court alleging that HFS failed to promote her because of her age. (Dkt. #1.) HFS subsequently moved to dismiss and the court granted the motion without prejudice allowing Bowman an opportunity to cure a number of pleading deficits. (Dkt. #17.)[6] On January 17, 2013, Bowman, again acting *pro se*, filed an amended complaint that contained similar allegations. (Dkt. #19.) On January 31, 2013, the court appointed counsel for Bowman. (Dkt. #20.) On April 10, 2013, Bowman filed the instant two-count complaint alleging age discrimination and retaliation under the ADEA. (Dkt. #27.) HFS has now moved to dismiss this complaint arguing that Bowman has (1) failed to exhaust her administrative remedies as to her age discrimination claim; and (2) failed to timely file her retaliation claim. (Dkt. #30.)

## ANALYSIS

### I. Age Discrimination Claim

HFS argues that Bowman's age discrimination claim must be dismissed because (1) the October 2010 charge, in which Bowman alleged age discrimination, was withdrawn; and (2) the April 2012 charge alleged only retaliation. Prior to filing an age discrimination claim in federal court, a plaintiff must file an administrative charge of discrimination with the EEOC. *See* 29 U.S.C. § 626(d); *Miller* v. *Am. Airlines, Inc.*, 525 F.3d 520, 525 (7th Cir. 2008). "This requirement is to ensure that the employer has notice about the particular challenged conduct and provides an opportunity for settlement of the dispute." *Miller*, 525 F.3d at 525. Because Illinois

---

[5] The complaint inconsistently pleads the date of receipt as May 11 and May 16. (*See* 2d Am. Compl. ¶¶ 8 & 13.) Because the court must construe the facts in the light most favorable to Bowman, it will apply the May 16th date.

[6] The court held that the complaint failed to demonstrate that Bowman exhausted her administrative remedies and failed to state a claim of age discrimination upon which relief may be granted. (Dkt. #17.)

is a deferral state, meaning a state with an agency empowered to remedy age discrimination in employment, a plaintiff must file her administrative charge within 300 days of the alleged unlawful adverse action. *See* 29 U.S.C. § 626(d)(1)(B); *Anderson* v. *Ill. Tool Works, Inc.*, 753 F.2d 622, 625 (7th Cir. 1985). A plaintiff must also file her charge with the appropriate state agency, and may not bring a federal lawsuit until at least 60 days after making such a filing. *See* 29 U.S.C. §§ 626(b) & 626(d)(1); *Overgard* v. *Cambridge Book Co.*, 858 F.2d 371, 374 (7th Cir. 1988). If the EEOC notifies the complainant that it has dismissed her charge, she then has 90 days after receipt of such notice to file a civil action in federal court. *See* 29 U.S.C. § 626(e). To trigger this 90-day limitations period, however, the EEOC must give the complainant proper notice of her right to sue. *Trujillo* v. *Borg-Warner Transmission Sys., Inc.*, No. 11 C 2530, 2011 WL 5373996, at *2 (N.D. Ill. Nov. 7, 2011); *see DeTata* v. *Rollprint Packaging Products, Inc.*, 632 F.3d 962, 967 (7th Cir. 2011) (discussing similar limitations period under Title VII).

### A. Whether Bowman's voluntary withdrawal of her October 2010 charge precludes consideration of her age discrimination claim for her April 2010 non-promotion

The second amended complaint alleges that on April 10, 2010 HFS failed to promote Bowman because of her age.[7] Under § 626(d)(1)(B), Bowman was required to file a charge with the EEOC within 300 days of April 10, 2010, the date of her non-promotion. She met this requirement by timely filing her October 2010 charge. Bowman voluntarily withdrew this

---

[7] Although Bowman states that she submitted applications for several open positions between October 19, 2010 and April 6, 2012 and was not hired, she alleges only that someone with "less seniority," not someone younger than she, was promoted instead. This is insufficient to state a claim under the ADEA. *See Martino* v. *MCI Commc'ns Servs., Inc.*, 574 F.3d 447, 453 (7th Cir. 2009) ("To establish a *prima facie* case of age discrimination . . . [a plaintiff] must prove [*inter alia*] that . . . the company treated similarly situated employees *under 40* more favorably.") (emphasis added); *cf. Kowalczyk* v. *Walgreen Co.*, No. 03 C 8335, 2005 WL 1176599, at *9 (N.D. Ill. May 17, 2005) (granting summary judgment to employer where plaintiff "failed to establish a prima facie case of age discrimination because the Court cannot discern whether [plaintiff's coworker] meets the ten year difference in age requirement established by the Seventh Circuit.").

charge, however, on or about August 12, 2011, thereby terminating her administrative case. (*See* Dkt. #41-4.)

HFS argues that by voluntarily withdrawing her charge, Bowman has failed to exhaust her administrative remedies because her age discrimination claim was never investigated by the IDHR or the EEOC, "which is required prior to filing a federal lawsuit." (Def.'s Reply at 3.) HFS cites no ADEA authority for its position, and the court remains unpersuaded. Unlike Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the ADEA allows a plaintiff to file suit in federal court without first obtaining a right to sue notice from the EEOC. *Compare Rush* v. *McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) ("There are a number of prerequisites to the successful maintenance of a claim under Title VII. First, the party must file a charge with the EEOC within the period of time allotted by the statute. Second, the Commission must issue a right to sue letter.") (internal citation omitted); *with Rittmeyer* v. *Advance Bancorp, Inc.*, 868 F. Supp. 1017, 1021 n.3 (N.D. Ill. 1994) ("ADEA cases may be filed without the issuance of a Right to Sue letter so long as the complaint is filed at least 60 days after the filing of a charge with the EEOC. If, and only if, the charges are terminated or dropped by the EEOC, then the complainant must file his federal complaint within 90 days of receiving notice of such termination.") (internal citations omitted). Thus, the fact that Bowman voluntarily withdrew her October 2010 charge does not *necessarily* preclude her from bringing the instant age discrimination claim under § 626(e). Nonetheless, if, as alleged in the second amended complaint, Bowman received a notice of right to sue from the EEOC after IDHR closed the file, she would have been notified that she had 90 days to file suit, and she did not. The claim arising from this charge is thus barred.[8]

---

[8] If Bowman did not, in fact, receive a notice of right to sue from the EEOC, it could make a difference with respect to the timeliness of her complaint of age discrimination arising from the October 2010 charge

      **B.    Whether Bowman's age discrimination claim for her April 2010 non-promotion is "like or reasonably related" to her April 2012 charge**

To demonstrate that she has satisfied administrative prerequisites, Bowman must instead rely on her April 2012 charge. Because Bowman filed her April 2012 charge more than 300 days after her April 10, 2010 non-promotion, she may only proceed in federal court if she can demonstrate that the allegations in her second amended complaint related to her April 2010 non-promotion fall within the scope of her April 2012 charge. *See Steffen* v. *Meridian Life Ins. Co.*, 859 F.2d 534, 544 (7th Cir. 1988). The "basic purpose of requiring a charge . . . is to give the employer 'some warning of the [complained-of] conduct' and afford 'the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion.'" *Ajayi* v. *Aramark Bus. Servs., Inc.*, 336 F.3d 520, 528 (7th Cir. 2003) (quoting *Cheek* v. *W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). Thus, to satisfy the "scope of the charge" doctrine, Bowman must show that her complaint allegations are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Steffen*, 895 F.2d at 544 (quotation marks and citation omitted). A review of the relevant documents demonstrates that they are not.

Bowman's April 2012 charge states only that she "complained about discrimination" by filing a previous charge, and that she "believe[d] that [she had] been discriminated against in

---

because the closure notice from the IDHR did not advise her of her right to file a lawsuit within 90 days. *See Trujillo*, 2011 WL 5373996, at *2 (IDHR order of closure did not give plaintiff proper notice of her right to sue) (citing *DeTata*, 632 F.3d at 970 and 29 C.F.R. § 1601.28(e)). Filing time limits in age discrimination cases are subject to equitable tolling, "the judge-made doctrine, well established in federal common law, that excuses a timely filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Burchett* v. *U.S. Postal Serv.*, No. 03 C 1325, 2006 WL 2794807, at *24 (N.D. Ill. Sept. 26, 2006) (quoting *Taliani* v. *Chrans*, 189 F.3d 597, 597 (7th Cir. 1999)); *see Del Korth* v. *Supervalu, Inc.*, 46 F. App'x 846, 848 (7th Cir. 2002) ("**Error! Main Document Only.**The 90-day period is essentially a statute of limitations, and, like a statute of limitations, it can be waived or modified through equitable tolling.").

retaliation for engaging in protected activity" under the ADEA. (2d Am. Compl. Ex. A.) When asked on what basis she brought her charge, she checked the "retaliation" box, not the "age" box on the charge form. Although this omission is not fatal in and of itself, *see Jenkins* v. *Blue Cross Mut'l Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976), the only fact that might have reasonably alerted the EEOC or HFS to Bowman's age discrimination claim is her statement that she previously "complained about discrimination"; however, even this is a stretch. The Seventh Circuit has held that, as a general matter, "retaliation and age discrimination claims are sufficiently dissimilar that an administrative charge of one fails to support a subsequent civil suit for the other." *Noreuil* v. *Peabody Coal Co.*, 96 F.3d 254, 258 (7th Cir. 1996); *accord O'Rourke* v. *Continental Cas. Co*., 983 F.2d 94, 97 (7th Cir. 1993); *Steffen,* 859 F.2d at 544. The facts contained in Bowman's April 2012 charge are insufficient to overcome this general rule. To be considered reasonably related, "the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Nowak* v. *Palatine Cmty. Consol. Sch. Dist. No. 15*, No. 00 C 6467, 2001 WL 619521, at *2 (N.D. Ill. May 29, 2001) (quotation marks and citation omitted). As it relates to Bowman's age discrimination claim, the April 2012 charge contains no mention of her April 2010 non-promotion, nor does it name the individual(s) who allegedly discriminated against her. In fact, there is nothing in the charge besides Bowman's vague statement that she previously "complained about discrimination" that could have given HFS reasonable warning of the conduct alleged in the second amended complaint. This is simply not enough. Thus, Bowman cannot proceed on an age discrimination claim based on her April 2012 charge.

**II.     Retaliation Claim**

HFS also moves to dismiss Bowman's retaliation claim on the grounds that it was untimely filed in this court. Under 29 U.S.C. § 626(e), Bowman was required to file her retaliation claim within 90 days of receiving notice from the EEOC of her right to sue. Bowman received her right to sue notice on May 16, 2012. She filed her original complaint, using the standard *pro se* form provided by the court, on August 9, 2012 (86 days after receiving her right to sue notice). She did not check the "retaliation box" in the body of the complaint. Attached to the original complaint, however, was a copy of her April 2012 charge, in which she states that she believed she had been "discriminated against in retaliation for engaging in protected activity" under the ADEA. (Compl. at 8.) On April 10, 2013, Bowman, with the assistance of counsel, filed a second amended complaint in which she asserted a retaliation claim for the first time. (*See* 2d Am. Compl. ¶ 12.) HFS argues that Bowman's retaliation claim is untimely because it was first asserted 329 days after she received her right to sue notice. Bowman counters that her retaliation claim relates back to her original timely filed complaint under Federal Rule of Civil Procedure 15(c) and is therefore proper.

Rule 15(c)(1)(B) provides that an amendment to a pleading relates back to the date of the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In general, relation back is permitted under Rule 15 where "an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Bularz* v. *Prudential Ins. Co. of Am.*, 93 F.3d 372, 379 (7th Cir. 1996). The question for the court is "whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that

9

he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Santamarina* v. *Sears, Roebuck Co.*, 466 F.3d 570, 573 (7th Cir. 2006).

The original complaint gave HFS sufficient notice of Bowman's retaliation claim to satisfy this test. Attached to Bowman's complaint was her April 2012 charge in which she specifically alleged retaliation. Although Bowman did not check the "retaliation box" on the *pro se* complaint form, she included enough facts to place HFS on notice of the nature and scope of her claim. Given that *pro se* complaints are to be liberally construed, *see McCormick* v. *City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000), and that leave to amend is to be freely given, *see* Fed. R. Civ. P. 15(a)(2), the court has little difficulty concluding that Bowman's retaliation claim relates back to her original timely filed complaint. *See, e.g., Ackerman* v. *City of Harvey Police Dep't*, No. 96 C 4363, 1998 WL 67632, at *4 (N.D. Ill. Jan. 29, 1998) (retaliation claim related back to original complaint); *accord Davis* v. *University of Chicago Hosps.*, 158 F.R.D. 129, 132 (N.D. Ill. 1994). HFS's motion to dismiss this claim is denied.

## CONCLUSION AND ORDER

For the foregoing reasons, HFS's motion to dismiss the second amended complaint is granted in part and denied in part. Plaintiff shall, by December 13, 2013 file a third amended complaint reflecting this ruling and defendant shall have 21 days thereafter to plead. The case will be called for a scheduling conference on January 9, 2014 at 11:00 a.m.

Date: December 2, 2013

_____
U.S. District Judge Joan H. Lefkow

10